**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Willie Thomas Starnes, Appellant.

Appellate Case No. 2014-002652

———————

Appeal From Kershaw County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-522
Heard November 8, 2016 – Filed December 21, 2016

———————

**AFFIRMED**

———————

Erick Matthew Barbare, of The Barbare Law Firm, of Greenville, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Sherrie Ann Butterbaugh, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Vang*, 353 S.C. 78, 83-84, 577 S.E.2d 225, 227 (Ct. App. 2003) ("The admission or rejection of testimony is within the sound discretion of the trial [court] and will not be overturned absent a showing of abuse of discretion, legal error, and prejudice to the appellant."); Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 803(2), SCRE (providing the rule against hearsay does not exclude "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition"); *State v. Hendricks*, 408 S.C. 525, 532, 759 S.E.2d 434, 437-38 (Ct. App. 2014) ("The supreme court has identified three elements a trial court must consider when determining whether a statement has the spontaneous quality necessary for admission as an excited utterance: '(1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition.'" (quoting *State v. Washington*, 379 S.C. 120, 124, 665 S.E.2d 602, 604 (2008))); *State v. McHoney*, 344 S.C. 85, 94, 544 S.E.2d 30, 34 (2001) ("In determining whether a statement falls within the excited utterance exception, a court must consider the totality of the circumstances." (citing *State v. Dennis*, 337 S.C. 275, 284, 523 S.E.2d 173, 177 (1999))).

**AFFIRMED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.